IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT LEE HARPER,

    Petitioner,
v.                                                CASE NO. 1:21-cv-4-AW-GRJ

SECRETARY, FLORIDA
DEPT. OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a pleading construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and is proceeding pursuant to an amended petition, ECF No. 4. The Petition stems from the following convictions: A 1992 Dixie County burglary conviction (Case No. 91-CF-202) for which Petitioner received a sentence of two years imprisonment after he violated the terms of his probation; a 1992 Dixie County perjury conviction (Case No. 92-CF-12) for which Petitioner was sentenced to five years' imprisonment; and a 1996 Manatee County conviction for arson, for which Petitioner received a life sentence as a habitual felony offender. *See* ECF No. 4. Respondent has moved to dismiss the Petition as barred by the one-year limitations period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). For the following

reasons, it is respectfully recommended that the Petition be dismissed for lack of jurisdiction as to both convictions.[1]

## Background

The procedural history of this case is summarized in the motion to dismiss, and Respondent has provided relevant state court records with the motion. *See* ECF No. 9-1. The Court may also take judicial notice of the Dixie County and Manatee County criminal court records in Petitioner's cases. Petitioner was sentenced to three years of probation on January 6, 1992, for burglary in Dixie County Case No. 91-CF-202. Thereafter, he was charged with perjury in Case No. 92-CF-12 for falsely stating in the burglary case that he had not been convicted of a prior crime, as well as with a violation of probation in Case No. 91-CF-202. On November 3, 1992, Petitioner pleaded guilty and was sentenced to five years of imprisonment for perjury and two years for the violation of probation with the sentences to run concurrently. Petitioner did not appeal. In 2001, he sought postconviction relief in the trial court, which was denied as untimely. *See* ECF No. 9; ECF No. 9-1 at 56-57.

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Regarding the Manatee County case, this Court may take judicial notice of Petitioner's previous federal habeas corpus case challenging his conviction and life sentence. *See Harper v. Sec'y Dept. of Corr.,* Case No. 8:01-cv-206-JSM (M.D. Fla. Mar. 25, 2004). To summarize, on November 15, 1996, a jury convicted Petitioner of felony arson and misdemeanor criminal mischief. On December 16, 1996, he was sentenced to life in prison as a habitual felony offender on the arson charge and to time served for criminal mischief. *Id.* His convictions were affirmed, and after unsuccessfully pursuing postconviction relief he filed a federal habeas corpus petition asserting several claims of ineffective assistance of counsel and a *Brady* violation by the State. *Id.* His petition was denied on the merits on March 25, 2004. *Id.* at 9-27. Petitioner did not appeal. Petitioner sought leave in the Eleventh Circuit to file a successive habeas corpus petition challenging the Manatee County conviction, but leave was denied on January 25, 2005. *See In re: Robert Lee Harper*, Case No. 06-10389-1 (11th Cir. Jan 25, 2006).

In the instant habeas corpus petition, Petitioner first claims that he has been denied "procedural due process under the 14th Amendment" because the Dixie County court erroneously concluded that his 2001 postconviction motion was untimely and therefore never ruled on the merits. ECF No. 4 at 9. For his second claim, he asserts that his public

defender in the Manatee County case failed to inform him of plea offers that would have allowed him to avoid a life sentence. *Id.* at 11.

Respondent contends in the motion to dismiss that the Petition is untimely with respect to the Dixie County convictions and probably untimely regarding the Manatee County convictions, although Respondent does not have "easy access to the [Manatee County] records needed to support a motion to dismiss on that ground". ECF No. 9 at 4-8.

In opposition to dismissal, Petitioner reasserts his claim that his Dixie County postconviction motion was timely and suggests that a "manifest injustice" will occur if the instant federal petition is deemed untimely. He reasserts the merits of his Manatee County claim concerning alleged plea offers that were not conveyed to him. ECF No. 10. In supplemental responses, he argues that the Dixie County VOP proceeding was flawed because "he never received notice or an information from the State of what conditions he was supposed to have violated," and again that the state court erred in dismissing his postconviction motion as untimely. ECF Nos. 12, 15.

## Discussion

Turning first to Petitioner's Dixie County convictions, relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001).

In *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas petition even if the expired conviction has been used to enhance a sentence imposed under a subsequent conviction. The Court explained:

> While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statutes, and many States provide . . . for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the 'in custody' requirement out of the statute.

*Maleng*, 490 U.S. at 492; *see also Lackawanna County Dist. Atty. v. Coss,* 532 U.S. 394, 403-04 ("once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid . . . If that conviction is later used to enhance a criminal sentence, the defendant

generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.").

The exceptions to the "in custody" requirement are very limited: where the prior conviction was secured in violation of the right to counsel and in "rare" circumstances where no channel of review was actually available with respect to the prior conviction or the defendant obtains "compelling" new evidence of innocence which he could not previously uncover. *Lackawanna*, 532 U.S. at 404-06. In the habeas corpus context, to state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner has not shown that he can satisfy any exception to the "in custody" requirement regarding his Dixie County convictions. Those two- and five-year sentences, imposed in November 1992, have long since expired and Petitioner is no longer "in custody" pursuant to those sentences. This Court therefore lacks jurisdiction to entertain a habeas corpus challenge to the convictions. *See Sweet v. McNeil,* 2009 WL 2974884, *1-*2 (11th Cir. 2009) (unpublished) (affirming dismissal of

habeas petition for lack of subject matter jurisdiction because petitioner's 11-month and 29-day sentence that was concurrent with a life sentence had expired before the petition was filed).[2]

Turning next to Petitioner's Manatee County conviction, Respondent suggests that the Petition should be dismissed as untimely without prejudice to Petitioner re-filing a petition in the Middle District of Florida (which encompasses Manatee County) to the extent he can show that it is timely.  ECF No. 9.  Respondent overlooks the fact that, as summarized above, Petitioner already has sought federal habeas corpus relief from this conviction.  To file a second or successive § 2254 petition challenging the same conviction, a petitioner must first obtain an order from the Court of Appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007).  Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.  *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).  Petitioner has failed to show that the Eleventh Circuit has authorized the district court to

---

[2] Pursuant to 11th Cir. R. 36.2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.

consider a second or successive petition challenging his Manatee County convictions, and therefore the Petition is due to be dismissed for lack of jurisdiction.[3]

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

---

[3] Petitioner was confined at Mayo CI in Lafayette County, within this District, when the Petition was filed. If the Petition were not successive, this Court would have jurisdiction to entertain it although in all likelihood the Petition would have been transferred to the Middle District for the sake of convenience. *See* 28 U.S.C. § 2241(d) (jurisdiction is appropriate in either the district of confinement or the district of conviction); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *Parker v. Singletary*, 974 F.2d 1562, 1582, n.118 (11th Cir. 1992).

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

### Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Motion to Dismiss, ECF No. 9, should be **GRANTED,** the petition for a writ of habeas corpus, ECF No. 4, should be **DISMISSED** for lack of jurisdiction, and a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 14th day of September 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**